MATTER OF M——B——

## In EXCLUSION Proceedings

### A-7755217

*Decided by Board July 2, 1959*

**Parole—Hearing upon revocation not required except in "Hungarian" cases.**

No error found in failure to accord applicant for admission a hearing in re-
spect to revocation of parole authorized under section 212(d)(5) of the 1952
act. Decision in *Paktorovics* v. *Murff*, 260 F.2d 610, held to be limited to
Hungarian refugees brought to this country as invitees of the United States
Government.

EXCLUDABLE: Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—Immi-
grant—No visa.

#### BEFORE THE BOARD

**Discussion:** This case is before us on appeal from a special inquiry
officer's order of April 21, 1959, holding the appellant to be an immi-
grant and directing his exclusion and deportation from the United
States on the above-stated ground. The appeal will be dismissed.

The record relates to a married male alien, a native and national
of Cuba, who applied for admission into the United States on
December 31, 1958. Pending a determination as to his admissibility
under the immigration laws, he was paroled into this country under
the provisions of section 212(d)(5) of the Immigration and National-
ality Act. On March 25, 1959, he was served with notice that his
parole was being revoked as of March 27, 1959. On the latter date,
he was served with another notice that his admissibility would be
determined by a special inquiry officer, and the exclusion proceedings
leading to this appeal were then held.

The appellant arrived in the United States as a refugee from
Cuba, following the collapse of the Government of Fulgencio Batista.
He was followed by his wife, who is now in the United States as
a temporary visitor. He is the holder of a valid Cuban passport,
but he has no visa entitling him to apply for admission into the
United States.

The appellant seeks admission into this country for an indefinite
period of time, until the political situation in Cuba will permit his
return to that country with safety. He has no present plan to go

to any other country, and he does not have any document which would entitle him to apply for admission into any other country. He is a former alien resident of this country who abandoned his resident alient status in 1952. At that time he returned to Cuba to accept an official position in the Cuban Government and he has been a resident of Cuba at all times since, until the present.

On the basis of the foregoing, the special inquiry officer has held that the appellant is an immigrant within the purview of the Immigration and Nationality Act, and the evidence of record clearly supports him in this respect. Accordingly, and since he does not have a visa valid for admission in that status, the special inquiry officer properly ordered his exclusion and deportation on the above-stated ground.

We reject the claim that procedural error was committed in this case by reason of failure to accord the appellant a hearing with respect to the revocation of his parole, finding that the authority relied on (*Paktorovics* v. *Murff*, 260 F.2d 610 (C.A. 2, 1958)) is not controlling in this situation for several reasons. In the first place, the carefully worded opinion of the Court of Appeals for the Second Circuit renders it abundantly clear that the court considered the case in *sui generis*, i.e., affecting only Hungarian refugees brought to the United States as invitees of the government of this country, pursuant to the announced foreign policy as formulated by the President. Second, and as pointed out in the Court's opinion, the Congress in enacting legislation endorsing the extraordinary action of the President with respect to Hungarian refugees (P.L. 85–559, 72 Stat. 419, approved July 25, 1958), restated the substance of the existing law (section 212(d)(5) of the Immigration and Nationality Act), to wit: that a parolee, when returned to the custody of the Service and found inadmissible under the existing law, has automatically lost his status as a parolee, and is required to be excluded and deported just as any other excludable alien applying for admission to the United States. (See Cong. Rec., vol. 104, No. 31; Feb. 27, 1958; pp. 2676–7.) Third, the controlling case insofar as this situation is concerned is that of *Leng May Ma* v. *Barber* (357 U.S. 185 (1958)), wherein the Supreme Court of the United States maintained its long-held position that in section 212(d)(5) of the Immigration and Nationality Act the Congress specifically provided that parole "shall not be regarded as an admission of the alien," and that after the return to custody the alien's case "shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States."

Finally, the major portion of counsel's argument on appeal was directed to facts, circumstances, considerations, and personal characteristics of the appellant which were strenuously urged as definitely

demonstrating the propriety of his continued residence in the United States under parole. Under the law and the regulations, however, this is a matter properly for the consideration of the Service and not this Board.

**Order:** It is ordered that the appeal be and the same is hereby dismissed.